## No. 652

### LEUGERS et v. LEUGERS et

Ohio Appeals, 1st Dist., Butler Co.

No. 276.   Decided Nov. 23, 1925

1175.   TITLE—Undelivered deed does not pass title to property.

367.   DEEDS—Where evidence shows that grantor did not possess mental capacity necessary to make a deed or transact business, deed will be declared null and void and set aside.

CUSHING, J.

This was an action by Joseph Leugers et al. against Elizabeth Leugers et al., to have a deed from Mary. Leugers to said Elizabeth Leugers et al., declared null and void and set aside; that the real estate be partitioned and divided among the heirs of Mary Leugers, deceased.

It was claimed that Mary Leugers by reason of her illness did not have the mental capacity necessary to make a deed, and that she signed same under constraint and undue influence exercised by the defendants. Elizabeth Leugers denies that Mary Leugers was mentally incapaciated by reason of her illness, or that she signed the deed under constraint or undue influence exercised by them. It was also denied that they are tenants in common with the plaintiffs, and asked that the petition be dismissed. On appeal, the Court of Appeals held:

1. Mary Leugers was 80 years of age and had been practically bedfast for months. There is some testimony that her illness had progressed to a stage of senile dementia; and that she could not control herself.

2. There was no direction on part of the decedent to either deliver or record the deed; and it is shown clearly that there was never a delivery of the deed.

3. An undelivered deed does not transfer title to property.   17 OA. 447.

4. In view of the record, Mary Leugers did not have mental capacity to transact business or make a deed; and the prayer of the petition is granted.

Decree accordingly.

Attorneys—M. O. Burns for plaintiffs; H. R. Reigert & W. S. Bowers, for defendants; all of Hamilton.

---

## No. 653

### BUTLER v. HANNENBURG

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2633.   Decided June 22, 1925

941.   PRACTICE & PROCEDURE—Court cannot pass on petition to construe will where only the item to be construed is contained in the petition; and there is no bill of exceptions filed in the Court of Appeals.

HAMILTON, J.

Ida Hannenburg, executrix of the estate of Hannah Butler, deceased, filed a petition in the Hamilton Common Pleas asking the court to construe item 2 of the will of Hannah Butler's deceased husband. The husband owned the property in fee and provided that it was to go to his wife during her lifetime then to Edward, the son, should he survive his mother, if not she could dispose of the land as she saw fit.

It was alleged that the son pre-deceased his mother and that he died intestate without issue; that Hannenburg was given power to sell the property by Hannah Butler; but that the purchaser did not complete the sale, claiming that there was a cloud on the title. It was asked that the court declare that Hannah Butler had vested in her a fee-simple estate.

The widow of Edward Butler claimed that she was entitled to all the real estate mentioned. She prosecuted error from the finding of the lower court in favor of Hannenburg and the Court of Appeals held:

1. The court is unable to see how it can make a finding in the record submitted, there being no bill of exceptions filed. The only thing the court has before it is item 2 of the will; and the answer of Butler throws no light on the subject.

2. If item 2 was not effected by any other part of the will, Hannah Butler under this item, could convey a good title as her power of alienation is absolute and it would not be necessary to ascertain what estate she had.

3. On the state of the record, the question sought to be raised in the error proceeding cannot be passed upon.

Petition in error dismissed.

Attorneys—Paul V. Connolly for Butler; Bettinger, Schmitt & Kreis, for Hannenburg; all of Cincinnati.